UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Ellie Marie Wall**                      **Docket No. 7:22-CR-90-2D**

**Petition for Action on Supervised Release**

COMES NOW Kristyn Super, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Ellie Marie Wall, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possession With Intent to Distribute 5 Grams or More of Methamphetamine and a Quantity of a Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and Possession With Intent to Distribute 5 Grams or More of Methamphetamine and a Quantity of a Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), was sentenced by the Honorable James C. Dever III, U.S. District Judge, on March 21, 2023, to the custody of the Bureau of Prisons for a term of 60 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 48 months.

Ellie Marie Wall was released from custody on May 23, 2025, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The defendant has tested positive for amphetamine and methamphetamine on August 25, 2025, September 2, 2025, September 25, 2025, and November 14, 2025. It is noted that at the onset of supervision she began participating in mental health counseling and in September 2025, she began participating in outpatient substance abuse treatment to better address ongoing struggles maintaining sobriety.

Pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or a person's current or past participation in such programs, warrants an exception to 18 U.S.C. § 3583(g)(4) when considering any action against a defendant who fails a drug test while on supervised release. As Wall is actively engaged in a treatment program, and considering 18 U.S.C. § 3583(d), the probation office respectively recommends the defendant be permitted to continue supervision in lieu of revocation at this time. In response to his continued substance use, a 60-day curfew with location monitoring is suggested. In consideration of the defendant's financial status, it is recommended that the government pay for the electronic monitoring. Any subsequent substance use will be reported to the court.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 60 consecutive days. The defendant is restricted to her residence during the curfew hours. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer. The government shall pay for the electronic monitoring.

Ellie Marie Wall
Docket No. 7:22-CR-90-2D
Petition For Action
Page 2

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Kristyn Super
Kristyn Super
Senior U.S. Probation Officer
200 Williamsburg Pkwy, Unit 2
Jacksonville, NC 28546-6762
Phone: 910-346-5104
Executed On: December 1, 2025

### ORDER OF THE COURT

Considered and ordered this __9__ day of __December__, 2025, and ordered filed and made a part of the records in the above case.

_____
James C. Dever III
U.S. District Judge