UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Ellie Marie Wall**                                                                              **Docket No. 7:22-CR-90-2D**

**Petition for Action on Supervised Release**

COMES NOW Kristyn Super, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Ellie Marie Wall, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possession With Intent to Distribute 5 Grams or More of Methamphetamine and a Quantity of a Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and Possession With Intent to Distribute 5 Grams or More of Methamphetamine and a Quantity of a Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), was sentenced by the Honorable James C. Dever III, U.S. District Judge, on March 21, 2023, to the custody of the Bureau of Prisons for a term of 60 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 48 months.

Ellie Marie Wall was released from custody on May 23, 2025, at which time the term of supervised release commenced.

On December 9, 2025, a Petition for Action on Supervised Release was submitted to the court reporting that the defendant tested positive for methamphetamine on August 25, 2025, September 2, 2025, and November 14, 2025. The conditions of supervised release were modified to include participation in curfew location monitoring for a period of 60 days.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On November 17, 2025, the defendant submitted to urinalysis, which was confirmed as positive for methamphetamine by Alere Toxicology Services, Inc. on November 24, 2025. The defendant denied using between the submission of urinalysis on November 14, 2025, and November 17, 2025, and a request for an interpretation report was submitted to Alere Toxicology Services. That report, which was received on December 15, 2025, confirmed that defendant reused methamphetamine between the two testing dates. The defendant was confronted with the results of this report on December 22, 2025, at which time she admitted to using methamphetamine on or about November 15, 2025.

Pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or a person's current or past participation in such programs, warrants an exception to 18 U.S.C. § 3583(g)(4) when considering any action against a defendant who fails a drug test while on supervised release. As Wall is actively engaged in a treatment program, and considering 18 U.S.C. § 3583(d), the probation office respectively recommends the defendant be permitted to continue supervision in lieu of revocation at this time. In response to his continued substance use, a 60-day curfew with location monitoring is suggested. In consideration of the defendant's financial status, it is recommended that the government pay for the electronic monitoring. Any subsequent substance use will be reported to the court.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

Ellie Marie Wall
Docket No. 7:22-CR-90-2D
Petition For Action
Page 2

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The person under supervision shall participate in the Location Monitoring Program for a period of 60 consecutive days utilizing RF technology and shall abide by all technology and program requirements. The person under supervision is restricted to her residence Monday to Friday during curfew hours, which will be determined by the probation officer, and Saturday and Sundays at all times except for medical necessities, court appearances or other activities specifically approved by the probation officer (Home Incarceration). The person under supervision shall pay none of the costs of participation in the location monitoring program. Said term of Location Monitoring shall run consecutively to the period imposed on December 9, 2025.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Kristyn Super
Kristyn Super
Senior U.S. Probation Officer
200 Williamsburg Pkwy, Unit 2
Jacksonville, NC 28546-6762
Phone: 910-346-5104
Executed On: December 22, 2025

### ORDER OF THE COURT

Considered and ordered this __22__ day of __December__, 2025, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge